FILED

MAR - 1 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| YOLANDA DENISE EDWARDS, | ) 4:18CR00177 HEA/JMB |
| Defendant. | ) |

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
[Conspiracy to Commit Wire Fraud: 18 U.S.C. § 1349]

1. Beginning in or about July of 2015, in the Eastern District of Missouri, the defendant,

**YOLANDA DENISE EDWARDS**,

and Individual A, did knowingly and willfully combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit the following offense against the United States:

a. To devise and intend to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme described above, and attempting to do so, to cause to be transmitted by means of wire communication in interstate commerce signals and sounds, in violation of Title 18, United States Code, Section 1343.

### MANNER AND MEANS

The ways, manner and means by which the foregoing objective of the conspiracy to commit wire

fraud were to be accomplished included, but were not limited to, the following:

2. The primary purpose of the conspiracy was for **YOLANDA DENISE EDWARDS** to obtain payment from victim "BH," a broker working on behalf of timber company "VW, Inc." for logging rights to property located in Alabama, which **YOLANDA DENISE EDWARDS** did not actually own.

3. It was further part of the conspiracy that in July of 2015, Individual A, then living in St. Louis, Missouri, spoke on the telephone with BH, who was located in Georgia, regarding the proposed logging rights purchase.

4. It was further part of the conspiracy that in the initial phone conversation with BH, Individual A knowingly and falsely represented to BH that **YOLANDA DENISE EDWARDS** owned the property in Alabama, when, in fact, as Individual A well knew, she did not.

5. It was further part of the conspiracy that during a telephone call initiated by BH, Individual A scheduled a meeting at his home in St. Louis, Missouri, between **YOLANDA DENISE EDWARDS** and BH, in order to effect the sale of the logging rights to the property.

6. It was further part of the conspiracy that on or about July 20, 2015, BH travelled from Georgia to St. Louis, Missouri and met with **YOLANDA DENISE EDWARDS** at the home of Individual A.

7. It was further part of the conspiracy that during the July 20, 2015 meeting, BH provided **YOLANDA DENISE EDWARDS** with a sales contract for logging rights to the property actually owned by "YRE."

8. It was further part of the conspiracy that **YOLANDA DENISE EDWARDS** falsely executed that sales contract using the name of the lawful owner, "YRE."

9. It was further part of the conspiracy that BH provided **YOLANDA DENISE EDWARDS** with a cashier's check in the amount of $110,000.00, as well as $10,000 in cash, as payment for her sale of the logging rights to the Alabama property actually owned by "YRE."

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### [Aggravated Identity Theft]

On or about July 20, 2015, in the Eastern District of Missouri, the defendant,

**YOLANDA DENISE EDWARDS,**

did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, felony stealing in violation of MO Rev. Stat. § 570.030(5), knowing that the means of identification belonged to another actual person, in that the defendant used the name of "YRD," rather than her own name, in order to impersonate victim YRD for the purpose of entering into a contract to sell timber lawfully belonging to YRD and to receive payment in the amount of $120,000.00.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

1. The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1349 set forth in Count 1 of this Indictment, the defendant, **YOLANDA DENISE EDWARDS**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
Assistant United States Attorney
Gwendolyn Carroll